Submitted on stipluation for discipline April 3,
public reprimand ordered May 22, 1984

# In re Complaint as to the Conduct of
## MARTIN J. HOWARD,
*Accused.*

## (SC 29325)

681 P2d 775

## MEMORANDUM OPINION

By a complaint dated August 4, 1983, the Oregon State Bar alleged that Martin J. Howard was subject to discipline by this court. The charging part of the complaint is as follows:

"III

"On or about August 31, 1982, * * * the Accused was duly convicted of, and a judgment was entered against the Accused for, the crime of prostitution, in violation of ORS 167.007.

"IV

"The aforesaid conviction constitutes a conviction of a misdemeanor involving moral turpitude under the laws of this state, for which the Accused is subject to discipline by the Oregon Supreme Court pursuant to ORS 9.480(2)."

Howard filed an answer in which he admitted the "matters charged" in paragraphs III and IV of complaint. Howard personally signed the answer and acknowledged that it was his "voluntary act and deed." Howard was represented by counsel who also signed the answer.

Former ORS 9.480(2) provided:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the Court that:

"* * * * *

"(2) The member has been convicted in any jurisdiction of an offense which is a misdemeanor involving moral turpitude or a felony under the laws of this state, * * * in any of which cases the record of the conviction shall be conclusive evidence;"[1]

In March, 1984, Howard and the Oregon State Board of Bar Governors entered into a Stipulation for Discipline pursuant to former Rule of Procedure 37.1.[2]

---

[1] Former ORS 9.480(2) is now ORS 9.527(2).

Chapter 618 Oregon Laws 1983, made substantial changes in the laws relating to the discipline of lawyers. However, that chapter provides that any proceeding pending on January 1, 1984 shall be completed as provided under the former statutes.

[2] The new Bar Rules became effective on January 1, 1984. However, Bar Rule 1.5 provides in part "* * * disciplinary proceedings initiated by the service of a formal complaint * * * prior to January 1, 1984 shall be completed under the rules effective prior to that date."

A summary of the relevant portions of the stipulation is as follows: On or about December 8, 1980, Howard was introduced to a woman of legal age by a mutual acquaintance. The woman had been arrested and cited to appear in the District Court of Multnomah County on a charge of Prostitution. Howard wrote one letter and made one call to the court and determined that no formal complaint had been filed against the woman. Howard performed no other legal services for the woman. In payment of Howard's legal fee he and the woman engaged in sexual conduct. A criminal complaint was filed against Howard alleging that he paid a fee to engage in sexual conduct. On August 31, 1982, he entered a plea of no contest to the charge of Prostitution and was sentenced to pay a fine of $250.

The stipulation also recited that Howard has "engaged in substantial psychological and personal counseling" and that he has "represented to the Bar that various personal problems that contributed" to his prior conduct "have significantly improved and that similar conduct" will not recur.[3]

The stipulation also contains the following:

"The Accused agrees to accept a Public Reprimand for the complained of conduct based on the terms of ORS 9.527(2) [former ORS 9.480(2)] if this stipulation is accepted by the Supreme Court of the State of Oregon."

The Disciplinary Review Board recommended that the stipulation be rejected and that the charges against Howard be dismissed. Its opinion states in part:

"Assuming all of the facts as alleged in the Complaint by the Oregon State Bar to be true, we do not find that a single act of sexual conduct with a prostitute violates either the Disciplinary Rules or any of the statutes governing attorneys' conduct."

■ ■ The Disciplinary Review Board has missed the point. First, we are not allowed to look behind the conviction to determine the guilt or innocence of Howard. Former ORS 9.480(2) specifically provides: "* * * the record of the conviction shall be conclusive evidence." Howard stands convicted

---

[3] Howard's answer to the Bar's formal complaint also contained by way of explanation and justification an allegation to the same effect.

of the crime of Prostitution. Under ORS 167.007 a person who pays a fee to engage in a single act of sexual conduct is guilty of prostitution. Second, Howard by his answer, over his own signature, admitting paragraph IV of the Bar's complaint, has admitted that the conviction "constitutes a conviction of a misdemeanor involving moral turpitude."

This court accepts and approves the Stipulation for Discipline. This opinion shall serve as a public reprimand. The Oregon State Bar is awarded costs.